IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD MILLER,<br><br>         Plaintiff,<br><br>     v.<br><br>ST. CLAIR COUNTY JAIL,<br><br>         Defendant. | Case No. 3:12-cv-00656-JPG |

**MEMORANDUM AND ORDER**

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**. Plaintiff claims that while he was detained at St. Clair County Jail (presumably as a pretrial detainee), he was taken by Major McLarn and other officers to a "quiet room" within the jail facility. Upon entering the quiet room, additional officers entered the room, and Plaintiff was instructed to remove his clothing. As he was pulling off his shirt, Plaintiff claims he was punched in the face, slammed to the ground, kicked, and tased by the officers in the room. Officer McPea allegedly told Officer Harris to punch Plaintiff in the face. Plaintiff claims Officer Zack tasered him in order to force him to remove his hands from his face. Once Plaintiff's hands were cleared, Officer Harris would punch Plaintiff in the face. When Officer Cook noticed that Plaintiff was bleeding, he summoned medical attention. An hour later, Plaintiff was removed from the quiet room and told by Major McLarn that he was beaten in order to teach the other inmates a lesson. Additionally, Plaintiff claims that he was denied access by Major McLarn and Officer Tammy to papers related to an unspecified legal claim.

When the complaint was filed in this case, only St. Clair County Jail was added as a Defendant. However, it is clear from the face of the complaint that Plaintiff intended to also

1

bring claims against Meral Justice, Major McLarn, Officer McPea, Officer Collins, Officer Harris, Officer Cook, Officer Zack, Officer Clayton, Officer Dingus, Officer McCall, Officer Trice, Officer Tammy, and Captain Scott.  The Clerk is **DIRECTED** to add these individuals as Defendants in this case.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:**    A claim against Defendants Major McLarn, Officer McPea, Officer Harris, Officer Zack, and Officer Cook for excessive force.

However, Defendants St. Clair County Jail, Meral Justice, Officer Collins, Officer Clayton, Officer Dingus, Officer McCall, Officer Trice, and Captain Scott are dismissed because Plaintiff makes no allegations against him/her plausibly suggesting a right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  If any of these Defendants personally participated in Count 1, Plaintiff may petition the Court for leave to file an amended complaint that includes sufficient factual allegations to put any such Defendant on fair notice of a constitutional claim against them.

Plaintiff's access to the courts claim is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.  The allegations in the complaint concerning denial of access to the courts only mention that Plaintiff needed legal papers to pursue an unidentified legal claim.  Plaintiff's allegations fail because he has not made any showing of prejudice to the unidentified legal claim, as required for a denial of access to the courts claim. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992). Accordingly, Defendant Officer Tammy is **DISMISSED** without prejudice.

**Disposition**

The Clerk is **DIRECTED** to add Meral Justice, Major McLarn, Officer McPea, Officer Collins, Officer Harris, Officer Cook, Officer Zack, Officer Clayton, Officer Dingus, Officer McCall, Officer Trice, Officer Tammy, and Captain Scott as Defendants in this case.

The following defendants are **DISMISSED** from this action **without prejudice:** St. Clair County Jail, Meral Justice, Officer Collins, Officer Clayton, Officer Dingus, Officer McCall, Officer Trice, Captain Scott, and Officer Tammy.

The following defendants remain in the instant action: Major McLarn, Officer McPea, Officer Harris, Officer Zack, and Officer Cook.

The Clerk of Court shall prepare for Defendants Major McLarn, Officer McPea, Officer Harris, Officer Zack, and Officer Cook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 23, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**